UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYANA WILLIAMS-DYCE,<br><br>Plaintiff,<br><br>v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, LLC,<br><br>Defendant. | **Civil Action File No.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ayana Williams-Dyce ("Ms. Williams-Dyce") states her complaint against the above-named Defendant as follows.

## INTRODUCTION

1. This is a complaint for (1) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"); (2) disability discrimination in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA"); (3) failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"); and (4) breach of contract under Georgia law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Ms. Williams-Dyce's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Ms. Williams-Dyce is a resident and citizen of the State of Georgia. She submits to the jurisdiction of this Court.

5. Ms. Williams-Dyce is and at all times relevant hereto was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

6. Defendant The Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") is a Delaware limited liability company registered to conduct business within the State of Georgia. Ritz-Carlton owns and operates hotels in numerous states, including the hotel at which Ms. Williams-Dyce worked in Atlanta, Georgia.

7. At all times relevant to this lawsuit, Ritz-Carlton was a covered employer under the FMLA pursuant to 29 C.F.R. § 825.104.

8. At all times relevant to this lawsuit, Ritz-Carlton has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111, and Section 101(7) of the ADA, 42

U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

9. At all times relevant to this lawsuit, Ritz-Carlton was an employer as such term is defined under the FLSA.

10. At all times relevant to this lawsuit, Ritz-Carlton was an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

11. During each of the three years preceding the filing of this complaint, Ritz-Carlton employed more than 2 employees who were engaged in interstate commerce.

## ADMINISTRATIVE PROCEDURES

12. Ms. Williams-Dyce has exhausted her administrative remedies with respect to the claims asserted herein.

13. Ms. Williams-Dyce filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 28, 2020.

14. The EEOC issued a "Notice of Right to Sue" on February 11, 2021 entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL ALLEGATIONS

**Factual Allegations Regarding Plaintiff's FMLA and ADA Claims**

15. Ms. Williams-Dyce began employment with Ritz-Carlton on or about June 26, 2018. She worked as a Guest Experience Expert (i.e., a concierge) at the Ritz-Carlton hotel in Atlanta, Georgia.

16. Ms. Williams-Dyce suffers from severe migraine headaches. This condition substantially limits several of Ms. Williams-Dyce's major life activities, including her ability to work, think, sleep, eat, and speak, among numerous other mental and physical activities.

17. In or about July 2019, Ms. Williams-Dyce informed her managers that the pain and other symptoms her medical condition had worsened, and that she was concerned that her worsened condition and the side effects of medication she was taking to treat her condition would impact her work performance.

18. During July 2019, Ms. Williams-Dyce's medical condition and the side effects of her medication caused her to be tardy to work on several occasions.

19. On August 19, 2019, Ms. Williams-Dyce's supervisor gave her a written disciplinary action for being tardy to work in July 2019. After receiving this written warning, Ms. Williams-Dyce again informed her supervisors of her medical condition and the medications she was taking to treat her condition.

Moreover, Ms. Williams-Dyce informed her supervisors that her tardiness was caused by her medical condition and the side effects of her medications.

20. Ms. Williams-Dyce continued being tardy to work because of her medical condition and the side effects of her medication.

21. On October 4, 2019, Ms. Williams-Dyce's supervisor suspended her for being tardy to work on numerous occasions in September 2019. Ms. Williams-Dyce's supervisor also recommended that she be terminated from employment.

22. Ritz-Carlton terminated Ms. Williams-Dyce on October 8, 2019.

23. Ms. Williams-Dyce worked more than 1,250 hours for Ritz-Carlton during the 12-month period preceding July 2019.

24. During the calendar years 2017 and 2018, Ritz-Carlton employed 50 or more employees within 75 miles of its hotel in Atlanta, Georgia.

**Factual Allegations Regarding Plaintiff's FLSA Claim**

25. Ritz-Carlton employed Ms. Williams-Dyce within the meaning of the FLSA.

26. Ritz-Carlton hired Ms. Williams-Dyce.

27. Ritz-Carlton maintained Ms. Williams-Dyce's employment records.

28. Ritz-Carlton set Ms. Williams-Dyce's schedule.

29. Ritz-Carlton paid Ms. Williams-Dyce's wages.

30. Ritz-Carlton paid Ms. Williams-Dyce a set hourly rate.

31. During her employment with Ritz-Carlton, Ms. Williams-Dyce regularly worked more than 40 hours per week. Ms. Williams-Dyce also regularly performed work for Ritz-Carlton while she was not "clocked in." For example, Ms. Williams-Dyce regularly performed the duties and responsibilities of her concierge position before and after normal working hours.

32. Because much of Ms. Williams-Dyce's work was performed off-the-clock, she received no compensation, including minimum wage and overtime, for these working hours.

33. As a result of Ms. Williams-Dyce working off-the-clock, Ritz-Carlton failed to pay Ms. Williams-Dyce minimum wage for each of her working hours.

34. As a result of Ms. Williams-Dyce working off-the-clock, Ritz-Carlton failed to pay Ms. Williams-Dyce 1.5 times her regular hourly rate for her working hours over 40 per week.

**Factual Allegations Regarding Plaintiff's Breach of Contract Claim**

35. Ritz-Carlton employed Ms. Williams-Dyce to perform work as a concierge.

36. Ritz-Carlton had a contract with Ms. Williams-Dyce to pay her at an agreed-upon rate for all hours worked on behalf of Ritz-Carlton.

37. Ms. Williams-Dyce did in fact perform work on behalf of Ritz-Carlton.

38. As described above, Ms. Williams-Dyce performed work for Ritz-Carlton while off-the-clock. Therefore, despite Ritz-Carlton's contractual obligations, it failed to pay Ms. Williams-Dyce the agreed-upon hourly rate for all hours she performed work on behalf of Ritz-Carlton.

## COUNT ONE

## Interference in Violation of the FMLA

39. Ms. Williams-Dyce incorporates the above paragraphs as if fully set forth herein.

40. The FMLA confers certain rights upon eligible employees, including (1) the right to be notified of their rights under the FMLA and their eligibility for FMLA leave and (2) the right to take leave due to a serious health condition.

41. Ms. Williams-Dyce's severe migraine headaches qualified as a serious health condition under the FMLA. Therefore, Ms. Williams-Dyce was entitled to proper notice of her FMLA eligibility and to FMLA leave as needed due to this medical condition.

42. After becoming aware of Ms. Williams-Dyce's serious health condition and her related need for intermittent leave, Defendant failed to provide Ms. Williams-Dyce proper notice as required by the FMLA. Therefore, Defendant interfered with Ms. Williams-Dyce's rights under the FMLA by failing to

provide proper and adequate FMLA notice.

43. Defendant also interfered with Ms. Williams-Dyce's right to take FMLA leave. Specifically, Defendant was aware of Ms. Williams-Dyce's serious health condition and her need for leave because of this condition. However, despite having this knowledge, Defendant disciplined Ms. Williams-Dyce and eventually terminated her employment due to her absences form work that were caused by her serious medical condition.

44. Ms. Williams-Dyce is entitled to recover all damages caused by Defendant's FMLA violation, including lost wages, liquidated damages, attorneys' fees, and litigation costs.

## COUNT TWO

### Disability Discrimination in Violation of Title I of the ADA

45. Ms. Williams-Dyce incorporates the above paragraphs as if fully set forth herein.

46. Title I of the ADA prohibits employers from terminating an employee due to the employee's disability or perceived disability. Title I of the ADA also requires that employers reasonably accommodate an employee's disability.

47. Ms. Williams-Dyce was a qualified individual with a disability under the ADA, as she was able to perform the essential functions of her position with or

without accommodation.

48. Defendant violated the ADA by failing to engage in the interactive process to determine whether accommodations were available that would allow Ms. Williams-Dyce to perform the essential functions of her position. Defendant terminated Ms. Williams-Dyce's employment instead of engaging in the interactive process required under the ADA.

49. Defendant also violated the ADA by failing to reasonably accommodate Ms. Williams-Dyce's disability by permitting her to occasionally arrive late to work as a reasonable accommodation, or by offering other accommodations that would have allowed Ms. Williams-Dyce to continue in her position. Instead of accommodating Ms. Williams-Dyce's disability, Defendant terminated her employment.

50. Finally, Defendant violated the ADA by terminating Ms. Williams-Dyce's employment because of her disability. Specifically, Defendant terminated Ms. Williams-Dyce because she was tardy to work, when Ms. Williams-Dyce's tardiness was caused by her disability.

51. Ms. Williams-Dyce is entitled to recover all damages caused by Defendant's above-described ADA violations, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT THREE

**Failure to Pay Minimum Wage and Overtime in Violation of the FLSA**

52. Ms. Williams-Dyce incorporates the above paragraphs as if fully set forth herein.

53. The FLSA requires covered employers, such as Defendant, to pay employees at least minimum wage for all working hours.

54. The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees 1.5 times their regular hourly rate for all working hours over 40 per week.

55. Ms. Williams-Dyce was not subject to any exemption from overtime pay under the FLSA and applicable regulations.

56. As set forth above, because Ms. Williams-Dyce regularly performed off-the-clock work for Defendant, and because she regularly worked more than 40 hours per week, Defendant failed to pay Ms. Williams-Dyce minimum wage as required by the FLSA. Defendant also failed to pay Ms. Williams-Dyce 1.5 times her regular hourly rate for all working hours over 40 per week as required by the FLSA.

57. Defendant knew or should have known that Ms. Williams-Dyce regularly worked off-the-clock and more than 40 hours per week.  Therefore, Defendant

willfully violated the FLSA in failing to pay Ms. Williams-Dyce proper minimum wage and overtime.

58. Ms. Williams-Dyce is entitled to recover all damages under the FLSA, including unpaid wages and overtime, liquidated damages, and attorneys' fees and costs.

## COUNT FOUR

## Breach of Contract Under Georgia Law

59. Ms. Williams-Dyce incorporates the above paragraphs as if fully set forth herein.

60. Defendant had a contractual obligation to pay Ms. Williams-Dyce at a specified rate for all hours worked.

61. Defendant failed to pay Ms. Williams-Dyce the agreed-upon wage for all hours worked.

62. Each time Defendant failed to pay Ms. Williams-Dyce the agreed-upon wage for hours worked, Defendant breached its contractual agreement with Ms. Williams-Dyce.

63. As a result of Defendant's breach of contract, Defendant is liable to Ms. Williams-Dyce for the amount of unpaid straight-time wages she earned that remain unpaid at the contractually-specified rate.

Based on the above, Ms. Williams-Dyce demands a jury trial on all triable issues and asks the Court for the following relief:

(1) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Ms. Williams-Dyce's rights under the FMLA, ADA, the FLSA, and Georgia law;

(2) Grant Ms. Williams-Dyce a permanent injunction enjoining Defendant and its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy that discriminates against Ms. Williams-Dyce and others similarly-situated;

(3) Grant to Ms. Williams-Dyce judgment in her favor and against Defendant under all counts of this Complaint;

(4) Order Defendant to make Ms. Williams-Dyce whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(5) Order Defendant to compensate Ms. Williams-Dyce for mental and emotional damages suffered because of Defendant's unlawful and

discriminatory acts;

(6) Order Defendant to make Ms. Williams-Dyce whole by paying her all damages due under the FMLA, including all lost wages and liquidated damages;

(7) Order Defendant to make Ms. Williams-Dyce whole by paying her all damages due under the FLSA and Georgia law, including all unpaid wages, overtime, and liquidated damages under the FLSA;

(8) Order that Ms. Williams-Dyce be reinstated or, in the alternative, be awarded front pay;

(9) Grant to Ms. Williams-Dyce her reasonable attorneys' fee and any and all other costs associated with this action; and

(10) Grant such additional monetary and equitable relief as the Court deems appropriate.

Respectfully submitted on May 12, 2021.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com